UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LOREN J. MONTENO, PHILIP RAMOS,
LEONARD D. FILLYAW, JORDAN K. WILSON,
JR., and LUIS OLIVERA on behalf of themselves
and all other similarly situated persons,

               Plaintiffs,               **REPORT AND**
                                                 **RECOMMENDATION**

      -against-                    CV 03-1506(DLI)(ARL)

SUFFOLK COUNTY LEGISLATURE, et al.,

               Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      This matter was referred to the undersigned for a determination of whether the plaintiffs

should be awarded attorneys' fees and costs following their dismissal of the complaint, and, if so,

the appropriate amount to be awarded.  The plaintiffs have submitted a Memorandum of Law, the

Declaration of Frederick Brewington, and a Reply Memorandum of Law in connection with their

request for an award of attorneys' fees.  The defendants have submitted a Memorandum of Law

in opposition to the motion.   For the reasons set forth below, the undersigned recommends that

the plaintiff be awarded $17,131.80.

## BACKGROUND

      The plaintiffs commenced this action on March 28, 2003, under the Voting Rights Act of

1965, challenging the district lines of the Suffolk County Legislature.  Specifically, the plaintiffs

complained that following the publication of the 2000 census, the defendants had refused to

reapportion the district lines for the Suffolk County Legislature in order to deny Hispanic and

African American voters an opportunity to participate meaningfully in the political process.

Following the filing of the complaint, the Suffolk County Legislature held a public hearing to

address the issue of redistricting and agreed to vote and implement a plan.  However, when the

Legislature convened on May 7, 2003, they failed to pass the redistricting plan.  In response, the plaintiffs amended their complaint to allege violations of the Fourteenth and Fifth Amendments to the Constitution.

The plaintiffs then moved, by order to show cause, for a temporary restraining order and preliminary injunction directing the defendants to cease all other business until they adopted a reapportionment plan.  On May 14, 2003, District Judge Spatt issued an order that directed, among other things, the Suffolk County Legislature to hold a meeting the next day to consider and adopt the reapportionment plan.  The court further decreed that in the event the defendants failed to adopt a plan for reapportionment, the court would appoint a Special Master to assist the Legislature in preparing a plan.

As directed, on May 15, 2003, the Suffolk County Legislature approved Resolution 402-03, one of five introductory resolutions that had been previously considered by the Legislature. The following day, May 16, 2003, the parties appeared before Judge Spatt and reported that the resolution had been adopted.  During the conference, the plaintiffs advised the court of their intention to seek leave to amend the complaint to challenge the adopted reapportionment plan as violative of the Voting Rights Act and the Constitution.  The plaintiffs argued that the plan, as adopted, diluted the strength of Hispanic voters and would impede those voters from an opportunity to nominate and elect candidates of their choice.  The defendants contend that all of the issues raised in the complaint, the amended complaint, and the order to show cause were moot as of the May 16, 2003 conference.

On May 19, 2003, the plaintiff did move, by order to show cause, for leave to serve an second amended complaint and for a preliminary injunction enjoining the defendants from executing the reapportionment plan set forth in Resolution 402-03.  On receipt of the filing,

Judge Spatt scheduled an evidentiary hearing for May 30, 2003.  Prior to the commencement of the hearing, however, several of the Legislators sought leave to intervene and the plaintiffs filed both a second and third amended complaint.

An evidentiary hearing was held for four days, at the close of which Judge Spatt made several rulings and indicated that a written decision would follow.  By Memorandum of Decision and Order dated May 21, 2003, Judge Spatt denied the plaintiffs' and intervenor-plaintiffs' motions to declare Resolution 402-03 in violation of the Voting Rights Act and the Constitution, denied the motion to enjoin the defendants from taking action to effectuate the Resolution, denied the motion for a preliminary injunction and denied the motion to appoint a Special Master.

Between June 21, 2003 and September 15, 2004, the defendants answered the third amended complaint, a scheduling order was entered by the undersigned although no discovery was conducted, the intervenor-plaintiffs stipulated to dismiss their complaint, and the parties requested a conference before the undersigned to discuss a tentative settlement reached by the parties subject to the Suffolk County Legislature's approval.  At a conference held on September 15, 2004, the parties, however, advised the undersigned that the Suffolk County Legislature had rejected the settlement agreement that involved the payment of plaintiffs' counsel's fees.  The plaintiffs indicated that they would, therefore, seek to voluntarily dismiss the action and move to be awarded attorneys' fees as a prevailing party.

The same week as the conference, the case was reassigned to District Judge Irizarry.  However, no action was taken by the plaintiffs for the next ten months.  Accordingly, on July 28, 2005, Judge Irizarry dismissed the action with prejudice based on the plaintiffs' previous representation that they would seek to voluntarily dismiss the action.  Thereafter, the court

3

granted the plaintiffs' motion for leave to make a motion for attorneys' fees, the motion that is now before the undersigned.

## DISCUSSION

"In the United States, parties are ordinarily required to bear their own attorney's fees -- the prevailing party is not entitled to collect from the loser. . . . Congress, however, has authorized the award of attorney's fees to the 'prevailing party' in numerous statues, . . . such as . . . the Voting Rights Act Amendments of 1975, 42 U.S.C. §1973*l*(e)." *Buckhannon Bd. & Care Home, Inc., v. W. Va. Dept. Of Health & Human Res.,* 532 U.S. 598, 602 (2001).   Specifically, the Voting Rights Act provides:

> In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1973*l*(e).  Accordingly, the threshold issue before the court is whether the plaintiffs can be considered prevailing parties.

"Since § 1973*l*(e) and § 1988[1] contain nearly identical language and are driven by similar Congressional intent, the Courts construe these fees shifting statutes similarly."  *Davis v. City of New Rochelle,* 156 F.R.D. 549, 553 (S.D.N.Y. 1994).  The court is, therefore, guided by cases addressing prevailing party status for civil rights plaintiffs.  "'[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of the claim' either through a 'judgment,' a 'consent decree' or a 'settlement.'"  *Id.* at 554 (citing *Farrar v. Hobby*, 506 U.S. 103 (1992).  "Otherwise, the judgment or settlement cannot be said to 'affect the behavior of the defendants toward the plaintiff" so as to amount to a "material alteration of the legal relationship

---

[1] 42 U.S.C. § 1988 is the Civil Rights Attorney's Fee Award Act of 1976.

4

of the parties, and thereby transform the plaintiff into a prevailing party." *Farrar*, 506 U.S. at

112. In other words, a plaintiff cannot be considered a prevailing party simply because he files a

lawsuit and reaches his "sought-after destination" without obtaining any judicial relief. *See*

*Buckhannon,* 532 U.S. at 606.

After the Supreme Court rejected the catalyst theory, that is, the idea that a plaintiff was a

prevailing party if his lawsuit brought about a voluntary change in the defendant's conduct, the

circuits were split on the type of judicial relief necessary to convey prevailing party status. *See*

*Me. Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R.,* 321 F.3d 9 (1ˢᵗ Cir. 2003)(interlocutory orders

conferring substantive relief sufficient to convey prevailing party status); *compare Christina A.*

*V. Bloomberg,* 315 F.3d 990 (8ᵗʰ Cir. 2003)(only enforceable judgment on the merits or consent

decree conveys prevailing party status). Aligning itself with the First Circuit, this Circuit has

held that a broad range of outcomes convey the judicial imprimatur necessary to a fee award,

including, among other things, a court order requiring the defendants to take action under the

threat of a preliminary injunction. *See Pres. Coalition v. Fed. Transit Admin.*, 356 F.3d 444, 451

(2d Cir. 2004). In so holding, the Second Circuit has stated that the courts are to focus on the

"materiality of the judicial outcome," and convey prevailing party status when the court sanctions

a substantive and material alteration in the legal relationship of the parties. *Id.* at 451-52.

Applying the standards set forth above to this matter, the court concludes that the

plaintiffs attained prevailing party status when Judge Spatt issued the May 14ᵗʰ order directing

the Suffolk County Legislature to hold a meeting on May 15, 2003 to adopt a reapportionment

plan. The May 14ᵗʰ order was both judicially sanctioned and effectuated a substantive, material

alteration in the legal relationship of the parties, that is, that the Suffolk County Legislature was

required and did adopt a reapportionment plan.

5

The court does not, however, reach the same conclusion with respect to the balance of the litigation.  From May 19, 2003, the date the plaintiffs moved for leave to file a second amended complaint, to July 28, 2005, the date the case was ultimately dismissed, the plaintiffs did not secure any relief.  The plaintiffs have not prevailed on any of the claims set forth in the Third Amended Complaint, nor did they succeed on their motion for a preliminary injunction.  In fact, at the conclusion of the preliminary injunction hearing, Judge Spatt denied the plaintiffs' motion to declare Resolution 402 in violation of the Voting Rights Act and the Constitution, denied the plaintiffs' motion to enjoin the Legislature from holding elections under Resolution 402, and denied the plaintiffs' motion for a preliminary injunction in all respects.  Moreover, subsequent to the preliminary injunction hearing, the only real issue that remained was the plaintiffs' claim that they were entitled to an award of attorneys' fees, a claim that was rejected by the Suffolk County Legislature.  Accordingly, the court finds that while the plaintiffs are entitled to attorneys' fees associated with obtaining the May 14th order, the plaintiffs should not recover any fees from that point on.  With this limitation in mind, the court turns its analysis to the reasonableness of the fees to be awarded for that time period.

In this Circuit, attorneys' fee awards are determined by calculating the "lodestar" figure, which is based on the number of reasonable hours expended, multiplied by a reasonable hourly rate.  *See Cruz v. Local Union No. 3 of the Int'l Brotherhood of Elec. Workers,* 34 F.3d 1148, 1159 (2d Cir. 1994) (citing *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1263 (2d Cir. 1987)).   The party seeking reimbursement bears the burden of proving the reasonableness and the necessity of hours spent and rates charged.  *See generally, N.Y.  State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983).   To this end, a fee application must be supported by contemporaneous time records that describe with specificity, by

6

attorney, the nature of the work done, the hours expended, and the dates.  *Id.* at 1147-48.

The court has reviewed the records submitted by the plaintiffs for legal services rendered between March 20, 2003 and May 16, 2003.  While the records are not, in some instances, abundantly detailed, the level of detail is sufficient to meet the requisite standard.  Moreover, counsel for the plaintiffs have provided computer printouts reflecting the billable time incurred in connection with this matter.  *See Cruz,* 34 F.3d at 1160-61; *see also Mautner v. Hirsch,* 831 F. Supp. 1058, 1076-77 (S.D.N.Y. 1993), *rev'd on other grounds,* 32 F.3d 37 (2d Cir. 1994)(fee applicant can rely on monthly computer printouts based on contemporaneous entries to satisfy the time record requirement).  Thus, the court finds that the records submitted meet the standard for contemporaneous time records.

The court next addresses the hourly rates for the attorneys who worked on this matter. The lodestar figure should be "'in line with those [rates] prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (citing *Blum v. Stetson,* 465 U.S. 886, 896 n.11 (1984); *see also Hensley,* 461 U.S. at 433).  The "prevailing community" that a district court should consider is usually "'the district in which the court sits,' unless there has been a showing that 'special expertise of counsel from a . . . [different] district was required.'" *Id.* (citing *Polk v. New York State Dep't of Correctional Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)).

The plaintiffs' counsel has offered the professional biographies for each of the attorneys that worked on this matter.  Three attorneys who did work during the relevant time period, namely, Frederick Brewington, Randolph M. Scott-McLaughlin, and Natalie Barnes.  Messrs. Brewington and Scott-McLaughlin are partners and have requested to be reimbursed at a rate of $350.  Ms. Barnes is a junior associate and has requested to be reimbursed at a rate of $100. In

this district, prevailing rates have ranged from $200-$300 for partners, $200-$250 for senior associates and $100-$150 for junior associates. *See Comm'n Express Nat'l, Inc. v. Rikhy*, 2006 U.S. Dist. LEXIS 8716 at * 19 (E.D.N.Y., Feb. 16, 2006). Accordingly, the court finds that the rates for Messrs. Brewington and Scott-McLaughlin are not consistent with prevailing market rates in the Eastern District of New York. The court finds that a reasonable hourly rate for Messrs. Brewington and Scott-McLaughlin is $300 and for Ms. Barnes is $100.

Applying the reduced hourly rates to the hours billed by Messrs. Brewington and Scott-McLaughlin and Ms. Barnes, the undersigned finds that the plaintiffs are entitled to be reimbursed for the following fees:

| Attorney | Hours Billed | Rate | Total |
|---|---|---|---|
| Frederick Brewington | 47.10 | $300 | $ 14,130.00 |
| Randolph M. Scott-McLaughlin | 8 | $300 | $  2,400.00 |
| Natalie Barnes | 3 | $100 | $    300.00 |
| **Total Attorneys' Fees** | | | **$ 16,830.00** |

In determining the reasonableness of the time spent, the court notes some greater economy of time might have been used, but the undersigned does not believe that a reduction is warranted in this case. Thus, the court recommends an award of attorneys' fees in the amount of $16,830.00

The plaintiffs also seek costs in the amount of $463.80 for the relevant time period. Included in the general category of expenses are filing fees, travel expenses and postage. The court finds that while the documentation provided is adequate, some of the costs sought are not reimbursable. Specifically, the court finds that the cost of transportation is not incidental to the representation and thus not reimbursable. *See New Leadership Comm'n v. Davidson,* CV 97-2271, 1997 U.S. Dist. LEXIS 22987, at * 25 (E.D.N.Y. Dec. 15, 1997)(transportation expenses not reimbursable). Thus, charges for travel will not be reimbursed. Subtracting the charges for travel, the court recommends an award of costs in the amount of $301.80, for a total

8

recommended award of $17,131.80.

A copy of the Report and Recommendation is being sent by the Court to all parties.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        March 29, 2006

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

9