UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LOREN J. MONTANO, PHILIP RAMOS, :
LEONARD D. FILLYAW, JORDAN K. WILSON, :
JR., and LUIS OLIVERA on behalf of themselves :
and all other similarly situated persons, :
:
                      Plaintiffs, : **MEMORANDUM & ORDER**
:
      -against- : 03-CV-1506 (DLI)(ARL)
:
SUFFOLK COUNTY LEGISLATURE, et. al., :
:
                    Defendants. :
------------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

       This motion for attorney's fees arises out of plaintiffs' complaint seeking declaratory and injunctive relief against the defendants pursuant to the Voting Rights Act of 1956. Plaintiffs challenged the existing Suffolk County Legislature district lines and alleged that the failure to reapportion the district lines after the 2000 U.S. Census, effectively and/or purposely denied plaintiffs and other Hispanic and African American voters an opportunity to participate meaningfully in the political processes. The Legislature held a public hearing to address the redistricting issues and agreed to vote on and implement a plan. However, upon convening on May 7, 2003, the Legislature failed to pass a redistricting plan.

       Thereafter on May 7, 2003, plaintiffs filed an amended complaint alleging violations of the Fourteenth and Fifth Amendments of the U.S. Constitution. On May 14, 2003, this Court issued an order directing the Legislature to convene to consider and adopt a reapportionment plan ("May 14th Order"). On May 15, 2003, as directed, the Legislature adopted a reapportionment plan entitled Resolution 402-03, Introductory Resolution No. 1304-2003 ("Resolution 402").

       On May 19, 2003, plaintiffs moved by order to show cause to (1) declare Resolution 402

unconstitutional and violative of the Voting Rights Act; (2) enjoin the defendants from holding any further legislative elections under Resolution 402; and (3) appoint a Special Master to assist the court in redrawing legislative district lines. Plaintiffs argued that Resolution 402, as adopted, violated the Act and the U.S. Constitution by diluting the strength of Hispanic voters, thereby impeding their opportunity to nominate and elect candidates of their choice. In the interim, several Legislators intervened in the action.

Following an evidentiary hearing, District Judge Arthur D. Spatt denied plaintiffs' and intervenors' motions to declare Resolution 402 unconstitutional and violative of the Act as well as their request for an injunction and Special Master. *Montano v. Suffolk County Leg.*, 268 F. Supp. 2d 243 (E.D.N.Y. 2003). After fruitless settlement discussions on the issue of attorneys' fees, plaintiffs filed the instant motion for attorneys' fees. This Court referred the motion to U.S. Magistrate Judge Arlene R. Lindsay who issued a Report and Recommendation dated March 29, 2006 ("R&R"), recommending that plaintiffs be awarded $17,131.80 ($16,830.00 in attorneys' fees and $301.80 in costs), but which did not award attorneys' fees and costs incurred in the preparation of the motion for attorneys' fees.[1] Plaintiffs now object to various portions of Magistrate Judge Lindsay's R&R. Defendants support this court's adoption of the R&R in its entirety.

After a *de novo* review of those portions of the R&R to which plaintiffs' counsel objects, *see* Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b), this court adopts Magistrate Judge Lindsay's R&R in part, and modifies it to the extent that plaintiffs are awarded attorneys' fees incurred in the preparation of the motion for attorneys' fees and their objections to the R&R, although not to the full extent requested by plaintiffs.

---

[1] Familiarity with Magistrate Judge Lindsay's R&R is assumed.

**Discussion**

A court may adopt those portions of a report and recommendation to which the parties do not object and with which the court finds no clear error. *See* Fed. R. Civ. P. 72(b)*; see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). However, the district court applies a *de novo* standard of review to those parts of the report to which any party objects. *See* Fed. R. Civ. P. 72(b). The district judge to whom the case is assigned shall consider such objections and may accept, reject or modify the recommended decision. *See* Fed. R. Civ. P. 72(b)

Plaintiffs make the following three objections to the Magistrate Judge's R&R: (1) in denying the attorneys' fees incurred after May 14, 2003, the Magistrate Judge failed to account for the reasonableness of all the work undertaken by plaintiffs' attorneys and the success achieved by plaintiffs in this litigation; (2) plaintiffs' counsel, Messrs. Brewington and Scott-McLaughlin, should have been compensated at an hourly rate of $350; and (3) plaintiffs' counsel are entitled to fees and costs incurred in connection with the instant fee application.

First, plaintiffs contend that the Magistrate Judge erred in finding that plaintiffs were not entitled to fees beyond the May 14th Order. *See* R&R at 6. The Voting Rights Act of 1965 expressly provides that, in actions "to enforce the voting guarantees of the fourteenth or fifteenth amendments, the court, in its discretion, may allow the prevailing party [] a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1973*l*(e). Thus, the inquiry in determining whether a party is entitled to attorneys' fees is two fold. The court must (1) determine whether plaintiffs are the "prevailing party," and (2) if so, what are reasonable attorneys' fees.

A "prevailing party" must achieve a "material alteration of the legal relationship of the parties between the plaintiff and the defendant" to be entitled to attorneys' fees. *Pres. Coal. of Erie*

3

*County v. Fed. Transit Admin.*, 356 F.3d 444, 451 (2d Cir. 2004). Not only must there be a material alteration of the legal relationship of the parties, but such material alteration must be judicially sanctioned. *See Torres v. Walker*, 356 F.3d 238, 244 (2d Cir. 2004) (interpreting Supreme Court holding in *Buckhannon Bd and Care Home Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 121 S. Ct 1835, 149 L. Ed. 2d 855 (2001) to mean that there must be a judicially sanctioned change in the legal relationship of the parties that bears the necessary judicial imprimatur in order to be a prevailing party) (internal quotations and citations omitted); *Roberson v. Giuliani*, 346 F.3d 75, 79-80 (2d Cir. 2003); *N.Y. State Fed'n of Taxi Drivers, Inc. v. Westchester County Taxi & Limousine Comm'n*, 272 F.3d 154, 158 (2d Cir. 2001).

Applying this standard, the Magistrate Judge found that plaintiffs attained prevailing party status when Judge Spatt issued the May 14th Order directing the Legislature to convene and adopt a reapportionment plan. However, plaintiffs did not achieve "prevailing party" status in their second motion that sought to enjoin defendants from executing the adopted reapportionment plan, Resolution 402. Specifically, the Magistrate Judge found that plaintiffs were not entitled to legal fees from May 19, 2003, when plaintiffs moved for leave to file a second amended complaint, to July 28, 2005, when the case was ultimately dismissed, because plaintiffs did not succeed in obtaining the relief sought during this time frame. *See* R&R at 6.

Plaintiffs contend that "in order to adopt [the Magistrate Judge's recommendation], [] this Court would have to conclude that not a single second of the time expended by plaintiffs' attorney after Judge Spatt directed the County Legislature to adopt a reapportionment plan was 'reasonable.'" (Pls.' Mem. of Law at 6.) However, plaintiffs' argument is flawed in its analysis. The threshold inquiry in determining whether a party is entitled to attorneys' fees pursuant to 42 U.S.C. § 1973*l*(e)

4

is whether the party seeking fees is a "prevailing party." If the court finds the party seeking fees attained "prevailing party" status, then the inquiry turns to whether the fees sought are reasonable. *See e.g. Hensley v. Eckerhart*, 461 U.S. 424, 430, 103 S. Ct. 1933, 1937-38, 76 L. Ed. 2d 40 (1983) (first finding prevailing party status before turning to issue of reasonableness); *Williamsburg Fair Hous. Comm. v. New York City Hous. Auth.*, No. 76 Civ. 2125, 2005 WL 736146, at *4-9 (S.D.N.Y. 2005). "Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel [made motions or] tried the case with devotion and skill. [T]he most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436, 103 S. Ct. at 1941.

Here, plaintiffs did not achieve prevailing party status in their attempt to declare Resolution 402 unconstitutional and violative of the Voting Rights Act of 1965. In fact, Judge Spatt denied plaintiffs' May 19, 2003 motions in their entirety and dismissed the amended complaint. *See Montano*, 268 F. Supp. 2d 243, 271. Moreover, plaintiffs did not prevail on any claims alleged in their second or third amended complaints. Thus, after the adoption of Resolution 402, plaintiffs neither materially altered the legal relationship of the parties, nor was any such alteration judicially sanctioned. Therefore, plaintiffs' counsel did not attain "prevailing party" status after the May 14th Order and consequently is not entitled to attorneys fees incurred after that date.

Second, plaintiffs' counsel contends that the Magistrate Judge erred in awarding Messrs. Brewington and Scott-McLaughlin hourly fees of $300 instead of the requested $350. Specifically, plaintiffs' counsel argue that the Magistrate Judge's reliance upon *Comm'n Express Nat'l, Inc. v. Rikhy*, No. 03-cv-4050, 2006 WL 385323, *6 (E.D.N.Y. Feb. 17, 2006) to determine the prevailing rates in this District, is misplaced because *Comm'n Express* involved straightforward tort claims,

5

requiring no special knowledge. However, Plaintiffs' counsel fails to recognize that, in *Comm'n Express*, Senior District Judge Charles P. Sifton surveyed violations of the Foreign Corrupt Practices Act, the Unfair Trade Practices Act, 42 U.S.C. § 1983, the Cable Communications Policy Act, and the "complex, constantly changing and [ever] daunting" ERISA in determining the appropriate hourly rates in this District. (*See* Pl.'s Objection at 9.) Moreover, the court in *Comm'n Express* found the appropriate hourly rates for partners to be $200-$300. The Magistrate Judge found that the reasonable hourly rate for Messrs. Brewington and Scott-McLaughlin in this action is $300, which is at the high end of the range. This court agrees that $300 is a reasonable hourly rate in this instance.

Finally, plaintiffs seek fees and costs incurred in connection with the instant fee application. Generally, where reasonable attorneys' fees are awarded, fees for time spent in preparing fee applications or motions are also awarded. *See Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999); *Valley Disposal, Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1059 (2d Cir. 1995); *Davis v. City of New Rochelle*, 156 F.R.D. 549, 560 (S.D.N.Y. 1994) (citing *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979).

Plaintiffs seek reimbursement for 45.10 hours spent on the fee application (29.30 hours on the motion and 15.8 hours on objections to the Magistrate Judge's R&R). Plaintiffs contend that 45.10 hours is a reasonable range, constituting 23% (29.30 / 193.7) of the time spent on the entire litigation. (Pls.' Objection at 9-10.) A prevailing party is entitled to an award of attorneys fees for time spent preparing a fee application. *See Valley Disposal*, 71 F.3d at 1059; *Trichilo v. Sec'y of Health and Human Serv.*, 823 F.2d 702, 707 (2d Cir. 1987); *Mt. Vernon Fire. Ins. Co. v. Valencia*, No. 92 CV 1253, 1993 WL 13150704, * 3 (E.D.N.Y. Aug. 6, 1993). The Second Circuit has upheld

attorneys' fees for fee applications ranging from 8-24% of the total time spent on litigation. *See Colbert v. Furumoto Realty, Inc.*, 144 F. Supp. 2d 251, 261-62 (S.D.N.Y. 2001); *Trichilo,* 823 F.2d at 707 (24%); *Baird v. Boise, Schiller & Flexner*, 219 F. Supp. 2d 510, 525 (S.D.N.Y. 2002) (10%).

Here, the hours spent on plaintiffs' fee application (45.1 hours) constitute approximately 23% of the total hours spent on the litigation (193.70 hours). However, plaintiffs attained prevailing party status only for work until the May 14th Order, which comprises 58.10 hours of the 193.70 hours spent on the entire litigation. Thus, the Court finds that 13.4 hours or 23% of the 58.10 hours spent on obtaining the May 14th Order, is reasonable time spent on preparing the underlying fee application and objections to the R&R. Accordingly, plaintiffs are awarded $4,020 (13.4 hours x $300 per hour) in fees for the time spent on the underlying fee application and objections to the R&R.

## **Conclusion**

For the reasons set forth above, Magistrate Judge Lindsay's R&R is adopted in part and is modified to the extent that the court additionally awards plaintiffs $4,020 for preparing the underlying motion for attorneys' fees and objections to the Magistrate Judge's R&R. Accordingly, plaintiffs' are awarded a total of $21,151.80 in fees and costs.

SO ORDERED.

DATED: Brooklyn, New York
July 21, 2006

_____/s/_____
DORA L. IRIZARRY
United States District Judge